(110 So. 17)

**COST v. TEAGUE et al. (6 Div. 460.)**

(Supreme Court of Alabama. Oct. 28, 1926.)

**Quieting title ⚖️10(2)—Record title, with undisturbed possession and cultivation of land, would be quieted as against claim of one claiming through party never having had title.**

Where one had record title, and undisturbed possession had been in predecessors from inception of title, and part of land was cultivated and fenced by him, and remainder used for cutting timber, his title would be quieted as against one claiming under sheriff's deed under execution against one not shown by record to have ever held title.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Olivia C. Teague and others against Ollie Cost and Pearl Cost, with cross-bill by respondent. From a decree for complainants, respondent Pearl Cost appeals. Affirmed.

Weatherly, Birch, McEwen & Hickman, of Birmingham, for appellant.

Complainants are not entitled to recover, unless they had actual or constructive possession of the land on the date of filing of the bill, and the decree was in error in so finding. Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Mixon v. Pennington, 204 Ala. 347,

85 So. 562; Carr v. Moore, 203 Ala. 223, 82 So. 473.

M. L. Ward, of Birmingham, for appellees.

Counsel discusses the questions raised, but without citing authorities.

GARDNER, J. Statutory bill to quiet the title to the northwest quarter of the southwest quarter of section 6, township 19, range 2 west, in Jefferson county, Ala., filed by appellees against appellant. Respondent filed answer and cross-bill. Upon submission of the cause, for final decree on pleadings and proof, the chancellor decreed in favor of complainants, from which respondent has prosecuted this appeal.

Complainants have established a complete chain of title to the land in controversy. Patent was issued to this land in July, 1890, to Stephen H. Bailey, who in January, 1911, conveyed the same to W. Horton Bailey, through whom complainants claim title by conveyances of said W. Horton Bailey, bearing dates March 1, 1911, and October 23, 1920, respectively. In addition to this, complainants' proof shows that at the time of the purchase of the land by W. Horton Bailey no one was in possession, and upon such purchase said Bailey cleared and fenced about five acres, and has cultivated the same each subsequent year, through the year this bill was filed, either by himself or those claiming through him, and that only a small portion of the remaining lands was capable of cultivation, being "rough, uneven, and rocky, * * * on the side of the mountain." Bailey also cut some of the timber for rails and cordwood for making charcoal. We are also of the opinion that complainants' proof further establishes that this possession has not been disturbed since Bailey's purchase in 1911.

Respondent relies for title upon a sheriff's deed, made in 1897 under execution on judgment in favor of her husband, Ollie Cost, against one Thomas Bailey; but this claim of title must here fail, as it does not appear in this record that Thomas Bailey ever had any interest in the land. We further conclude from the evidence that whatever actual possession said Ollie Cost had of this land antedated the purchase and possession of W. Horton Bailey in 1911 at which time no one was in actual possession thereof. We therefore conclude, from the evidence here offered, that upon the filing of this bill complainants had both the title to and possession of the land, and that respondent has failed in the establishment of her claim thereto.

The decree rendered is correct, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.