[Perryman, et al. v. Wright, et al.]

# Perryman, *et al. v.* Wright, *et al.*

## *Ejectment.*

(Decided November 7, 1914.  66 South. 648.)

1. *Ejectment; Title; Certificates.*—Under sections 3979 and 3980 Code 1907, where a certified copy of a tract book showing a homestead entry on certain lands, and final certificate and issuance of patent, is admitted in evidence, it establishes prima facie that the patentee was vested with a perfect title to the land.

2. *Same.*—A person's possession of land under a bona fide claim of ownership at his death is prima facie proof of title, and presumptively vests the title in his heirs.

3. *Same.*—Where the evidence showed that the party under whom plaintiffs claimed as heirs was in possession of the land under a bona fide claim of ownership at the time of his death, and this was undisputed, plaintiffs were entitled to affirmative instructions, as against defendant in possession, he having introduced no evidence.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by S. P. Wright and others against George Sellers, who suggested O. H. Perryman as landlord. Judgment for plaintiffs, and the substituted defendant appeals. Affirmed.

Plaintiffs claim as the heirs at law of George V. Shamblee, who died in 1901, without children, but leaving surviving him a widow, who died in 1912, and brothers, J. A. Shamblee and S. P. Shamblee, and a sister, Mrs. S. P. Wright. It does not appear that defendant introduced any evidence, and the court gave the affirmative charge for plaintiffs.

DENSON & OVERTON, and CORNELIUS & CORNELIUS, for appellant.

MERRILL & WALKER, and ROSS BLACKMON, for appellee.

DE GRAFFENRIED, J.—The certified copy of the tract book, which showed the following: "Homestead entry No. 1834, Nov. 29th, 1880, for the S. W. ¼ and S. ½ of the S. W. ¼, Sec. No. 15, and N. E. ¼ of the N. W. ¼, Sec. 22, T. 18, R. 10 E., 160.32 acres, by G. V. Shamblee, final certificate No. 6605, Oct. 13, 1887. Patent issued to Geo. V. Shamblee July 3, 1880." —was admissible in evidence.—Code of 1907, §§ 3979, 3980. Upon the introduction of this certificate, there was prima facie evidence before the jury that Geo. V. Shamblee was on July 3, 1880, vested with a perfect legal title to the land sued for in the complaint. Section 3979 of the Code, which was section 1812 of the Code of 1896 and section 2781 of the Code of 1886, was, when it was brought into the Code of 1907, so changed in its verbiage as to meet the decisions of this court in *Stephenson v. Reeves,* 92 Ala. 582, 8 South. 695., *Hammond v. Blue,* 132 Ala. 337, 31 South. 357, and *Butt v. Mastin,* 143 Ala. 323, 39 South. 217, which cases are cited by appellants in support of their contention that the said certified copy of the tract book was not receivable in evidence. It is a matter of common knowledge that patentees of our public lands were singularly negligent in the matter of preserving their patents and in recording them. The tract book has become the book to which the abstractor ordinarily goes to ascertain the name of the patentee of a particular tract of land, and the reliability of the entries upon the tract book has been so constantly tested and found to be deserving of confidence that, in the absence of actual patents showing the contrary, its entries can be safely trusted as truthfully fixing the names of the patentees of public lands and the dates of their patents. This being true, the law can afford to treat the entry on a tract book, referring to a patent (in the

absence of evidence showing its incorrectness), as the patent itself. This was the purpose of the change which was made in the language of section 3979 of the Code of 1907, and we should now give the section the effect which the change in its language entitles it to have. A footnote to the section shows the reason for the change in its language.

2. In addition to the above, the plaintiff's evidence showed that George V. Shamblee died in 1901, in possession of the lands sued for, claiming them as his own. Possession of land under bona fide claim of ownership is prima facie proof of title to such land. Regardless of the patent, as George V. Shamblee died in possession of the land, claiming to own it, presumptively he was, when he died, its owner—the possessor of its legal title. Presumptively when he died his heirs became invested with this legal title. If the defendants claimed title to the land, they were therefore called upon to rebut, by evidence, the presumption which the evidence in this case raised, because of the possession and claim of ownership of George V. Shamblee, in favor of the plaintiffs. This the defendants failed to do.

3. Under the evidence in this case, the plaintiffs were entitled to affirmative instructions in their behalf.—*Ala. State Land Co. v. Matthews,* 168 Ala. 207, 53 South. 174; *Rogers v. Keith,* 148 Ala. 230, 42 South. 446; *Downs v. Bailey,* 135 Ala. 331, 33 South. 151; *Hughes v. Rose,* 163 Ala. 371, 50 South. 899; *Mickle v. Montgomery,* 111 Ala. 415, 24 South. 441.

In the absence of any evidence tending to show title to land, a defendant in possession of such land will, as against one who shows prior possession under bona fine claim of ownership, in an action of ejectment, be regarded as a mere trespasser—*Payne v. Crawford,* 102 Ala. 387, 14 South. 854. As the heirs of George

V. Shamblee not only showed that he was the original patentee of the land, but also that he died in possession of the land, claiming it as his own, they showed a perfect title, and of course were, under this evidence, entitled to recover.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.