(103 So. 668)

**WHITMIRE v. SPEARS et al.   (7 Div. 491.)**

(Supreme Court of Alabama.   April 9, 1925.)

**1. Quieting title ⟨∞⟩35(2) — Allegation that complainant owner of land at time bill filed unnecessary.**

A statutory bill to quiet title under Code 1923, § 9905 et seq., need not allege in terms that complainant was owner of land at time bill was filed.

**2. Public lands ⟨∞⟩35(2)—"Entry" defined.**

In view of Code 1923, § 778, subds. 14, 15, the word "entry," used in connection with homestead law, means not only preliminary application, but the proceeding as a whole to complete transfer of title (citing Words and Phrases, Second Series, "Entry").

**3. Appeal and error ⟨∞⟩909(2)—Trial court's ruling presumed correct in absence of record showing contrary.**

In bill to quiet title, in which complainants offered certificate of probate judge under Code 1923, § 7675, showing that their predecessor in title entered land from United States Land Office, but such certificate was not set out in record on appeal, appellate court will presume, in favor of ruling of court below, that acquisition of title is sufficiently disclosed.

**4. Quieting title ⟨∞⟩44(3)—Decree properly given for complainants where their prima facie case not overcome.**

Where complainants, in statutory bill to quiet title, made out a prima facie case and evidence offered by respondents did not overcome it, complainants were properly decreed relief.

**5. Quieting title ⟨∞⟩52—Failure of decree to describe land not error.**

Failure of decree in statutory bill to quiet title to describe land is not error, especially where decree specifically refers to land as described in bill.

**6. Quieting title ⟨∞⟩54—Costs properly taxed against unsuccessful respondent in bill to quiet title, where land as to which she contested formed basis of litigation.**

In statutory bill to quiet title, where respondent disclaimed as to some of land but contested as to portion of it, which contest formed basis of litigation, and respondent was unsuccessful, costs were properly taxed against respondent.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill in equity by N. B. Spears and others against Ethel Whitmire to quiet title to real estate. Decree for complainants, and respondent appeals. Affirmed.

J. Wiley Logan, of Birmingham, for appellant.

In a bill to quiet title, possession must be shown in complainant. Randolph v. Vails, 180 Ala. 83, 60 So. 159. The certificate of entry by Calhoun does not show divestiture of the government. Fed. Stat. Ann. (2d Ed.) § 2290. The decree is defective, in that it does not describe the land involved. Mobile & C. P. v. Talman, 15 Ala. 476.

M. M. Smith, of Pell City, for appellees.

The bill was sufficient as to averment of possession. Vaughan v. Palmore, 176 Ala. 72, 57 So. 488; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110. A certified copy of an entry from the tract book is admissible. Code 1923, § 7675; Perryman v. Wright, 189 Ala. 351, 66 So. 648. When one has the legal title to land, he has constructive possession, unless actual possession is in some one else. Sou. Ry. v. Hall, 145 Ala. 224, 41 So. 135;

Wood L. Co. v. Williams, 157 Ala. 73, 47 So. 202, 131 Am. St. Rep. 55; Adler v. Sullivan, 115 Ala. 582, 22 So. 87; Smith v. Gordon, 136 Ala. 498, 34 So. 838. The burden was on respondent to show her source of title. Smith v. Irvington L. Co., 190 Ala. 455, 67 So. 250. The decree is referable to the bill and is sufficient. Hazlewood v. Walker, 211 Ala. 634, 101 So. 450.

GARDNER, J. [1] Statutory bill to quiet title to certain lands situated in St. Clair county, filed by appellees against appellant. The bill was sufficient as against any demurrer interposed thereto. In a bill of this character it is unnecessary to allege in terms that the complainant was the owner of the land at the time the bill was filed. Section 9905 et seq., Code 1923; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488.

Complainants do not insist that they were in the actual possession of the land at the time the bill was filed, but that they were in the peaceable, constructive, possession thereof, having shown a complete legal title in fee simple; no actual possession in some one else appearing. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202.

The muniments of title offered in evidence by the complainants traced the title to this land back to one James Calhoun. As to Calhoun's title the record discloses the following:

"Complainants first offered in evidence a duly certified copy under the seal of the probate judge of St. Clair county, Ala., as taken from the Tract Book of said county, and showing that James Calhoun entered all of the north half of section 14, township 17, range 1 east, in St. Clair county, Ala., from the United States Land Office, on the 7th day of November, 1960 [1860]."

This certificate was offered under the provisions of section 7675, Code of 1923. See, also, Perryman v. Wright, 189 Ala. 351, 66 So. 648.

[2] This cause was tried upon oral and documentary proof before the chancellor. The certificate above referred to is not set out in the record. Counsel for appellant vigorously insist that the record is too meager in reference thereto to disclose that the title passed out of the government into Calhoun. It has been held that the word "entry," used in connection with homestead law, in popular understanding, means not only the preliminary application, but the proceed-ing as a whole to complete the transfer of the title. Chaplin v. U. S., 193 F. 879, 114 C. C. A. 93; Bradford v. U. S., 152 F. 617, 81 C. C. A. 607. See, also, 20 Corpus Juris, 1266; 2 Words and Phrases, Second Series, 283; section 778, subdivs. 14, 15, Code 1923. In subdivision 14 appears the words "entry of public lands," and is significant in this connection.

[3] But, however this may be, in the absence of the certificate itself, we must indulge conclusions in favor of the ruling of the court below, to the effect that the acquisition of title by Calhoun from the government is sufficiently disclosed. It therefore results that the complainants have shown a complete legal title.

The chancellor evidently reached the conclusion that no one else was in the actual possession of the property at the time of the filing of the bill, and that the evidence was insufficient also to show a "scrambling possession."

As to actual possession the evidence is in conflict. It has been read with due care. The trial court had the witnesses before him, and we are not disposed to disturb his conclusion of fact.

[4] It is not contended by counsel for appellant that the respondent has established any title by adverse possession. The complainants having made out their prima facie case, and the evidence offered by the respondent being insufficient to overcome the same, were properly decreed relief.

[5] There is some argument as to the sufficiency of the decree, and its failure to describe the land. While a description of the land in the decree would have been preferable, yet its omission is not error. The decree specifically refers to the land as described in the bill, and, for certainty, as to the land involved, one would only have to turn to this particular portion of the pleading.

[6] The respondent was properly taxed with the cost. While she disclaimed as to some of the land, yet she contested as to the 80 acres, which contest formed the basis of this litigation. Being unsuccessful therein, the decree taxing her with the costs was entirely proper.

Finding no error, the decree appealed from will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.