(105 So. 675)

### BUCHMANN ABSTRACT & INVESTMENT CO. v. ROBERTS.   (I Div. 344.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

**I. Quieting title ⟨key⟩23—Complainant must show peaceable possession.**

To maintain bill to quiet title, under Code 1923, § 9905 et seq., proof must show peaceable possession in complainant as distinguished from contested, disputed, or scrambling possession.

**2. Quieting title ⟨key⟩23—Unnecessary that possession of adverse party would ripen into title to defeat right of complainant to maintain bill.**

To constitute a contested, disputed, or scrambling possession so as to defeat right of complainant to maintain bill to quiet title, under Code 1923, § 9905 et seq., it is unnecessary that possession of adverse party be of such character as would ripen into title.

**3. Quieting title ⟨key⟩23—Denial of complainant's right to possession will not destroy effect of peaceable possession necessary to maintain bill.**

Denial of right of complainant in bill to quiet title, under Code 1923, § 9905 et seq., will not destroy effect of a peaceable possession, since defendant must do something indicating that he claims to be in possession himself, thus opening the way for complainant to institute some proceedings against him, and thus test their respective rights.

**4. Quieting title ⟨key⟩23—Complainant showed sufficient fee-simple title to disclose peaceable constructive possession necessary to maintain bill to quiet title under statute.**

Complainant, having a remainder interest and purchasing other interests, showed sufficient fee-simple title to disclose a peaceable constructive possession necessary to maintain a bill to quiet title, under Code 1923, § 9905 et seq.

**5. Quieting title ⟨key⟩23—Complainant's possession held contested.**

Complainant *held* not entitled to maintain bill to quiet title, under Code 1923, § 9905 et seq., where adverse party was shown, not only to have claimed right to possession to disputed lands, but to have indicated such claim by possessory acts, which were brought to knowledge of complainant's agent, thereby being sufficient as a contest of complainant's possession to destroy peaceable character thereof, and make it a disputed, contested, or scrambling one.

Appeal from Circuit Court, Baldwin County; John D. Leigh, Judge.

Bill to quiet title by Maggie Roberts against the Buchmann Abstract & Investment Company. From the decree, respondent appeals. Reversed and rendered.

Hogan & Mitchell, of Mobile, for appellant.

Where the possession is disputed or contested, a statutory bill to quiet title cannot be maintained. Wood Lbr. Co. v. Williams, 157 Ala. 73, 47 So. 202; Lyon v. Arndt, 142 Ala. 486, 38 So. 242; C. of G. v. Rouse, 176 Ala. 138, 57 So. 706; Carr v. Moore, 203 Ala. 223, 82 So. 473; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Randle v. Daughdrill, 142 Ala. 490, 39 So. 162; White v. Cotner, 170 Ala. 324, 54 So. 114; Kinney v. Steiner Bros., 167 Ala. 494, 52 So. 593; Crabtree v. Ala. St. Land Co., 155 Ala. 513, 46 So. 450.

Rickarby, Beebe & Coley, of Mobile, for appellee.

There is no adverse possession under a void tax deed. Doe v. Styles, 185 Ala. 550, 64 So. 345. Bona fides and continuity are essentials of adverse possession. Belcher v. Scruggs, 125 Ala. 340, 27 So. 839; Henry v. Brown, 143 Ala. 453, 39 So. 325. Acts of dominion must be such as to advise the owner of the fact of possession and adverse claim. Woods v. Montevallo, 84 Ala. 568, 3 So. 475, 5 Am. St. Rep. 393. Constructive possession will extend only to such land as is used in connection with the land actually possessed. Lawrence v. Ala. St. Land Co., 144 Ala. 528, 41 So. 612. The rightful owner is deemed in possession until ousted. Birmingham Co. v. University, 173 Ala. 119, 55 So. 240; Wood Lbr. Co. v. Williams, 157 Ala. 76, 47 So. 202; Sou. Ry. v. Hall, 145 Ala. 225, 41 So. 135.

GARDNER, J.   [1] Statutory bill to quiet title filed in April, 1916, by appellee against appellant.   Section 9905 et seq., Code 1923. Under this statute this court has repeatedly held that in order to maintain the bill the

---

proof must show a peaceable possession in the complainant as contradistinguished from a contested, disputed, or scrambling possession. Randle v. Daughrill, 142 Ala. 490, 39 So. 162; Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202; Ladd v. Powell, 144 Ala. 408, 39 So. 46; Cent. of Ga. R. Co. v. Rouse, 176 Ala. 138, 57 So. 706.

[2] To constitute a contested, disputed or scrambling possession, it is not necessary that the possession on the part of the respondent be of such character of adverse possession as would ripen into a title. Crabtree v. Ala. Land Co., 155 Ala. 513, 46 So. 450; Ladd v. Powell, supra.

[3] As to what constitutes peaceable possession under the statute must be left for determination on the facts of each particular case. The mere fact that another denied the right of complainant to possession would not destroy the effect of a peaceable possession, such party "must do something indicating that he claims to be in possession himself, thus opening the way for the party in possession to institute some proceeding against him and thus test their respective rights." Wood Lumber Co. v. Williams, supra.

[4] The land here involved, situated in Baldwin county, was owned by Thomas James, who died some time before his wife, Mary James, to whom he devised a life estate therein by his will which was probated in June, 1904. Complainant was a child of Mary James, Thomas James being her stepfather. Mary James died in August, 1905, while residing upon these lands. A remainder interest in some of the lands was devised to complainant, and she purchased other interests. It may be conceded complainant shows sufficient fee-simple title to disclose a peaceable constructive possession. Whitmire v. Spears, 212 Ala. 583, 103 So. 669.

Complainant was living on this land with her mother when she died, and soon thereafter moved to Chicago, Ill., where she has since resided. She requested a Mr. Cooney to look after the land "in a general way." A small portion of the land had been cultivated and she let a neighbor farm on it the year after she left. Since that time no cultivation has been attempted by any one, and after the storm of 1906, the "house fell down and rotted away." Mr. Cooney lived some distance from the place, but would go there occasionally to look after the property to see that no one was trespassing, and nothing more by way of assertion of ownership. The respondent purchased this property at a tax sale in July, 1907, the same being sold for taxes for the year 1906, receiving a tax deed therefor in July, 1909. In 1910, Mr. Buchmann, president of the respondent corporation, came upon the land, placed a sign on a tree or post near the house, describing the land, and that it belonged to respondent, and warning trespassers off. At that time one

W. F. Rogers lived on land adjoining, and Buchmann secured Rogers to act as respondent's agent "in looking after this land, that is to keep possession for the Buchmann Abstract and Investment Company, and to keep off trespassers," to use the language of the witness. In 1912, Buchmann was again upon the land and arranged with Rogers for the erection of a barbed wire fence around a portion thereof—estimated from three to six acres. The posts for the fence were taken from the land, which seems to have been largely woodland, and during the period here in question unfit for cultivation. Rogers kept the fence up, sold as respondents' agent some of the timber, stopped parties from cutting posts from the land, and kept trespassers off. The land was suitable for cattle raising and he pastured his cattle inside the inclosure. Rogers further testified that during all this time no one claiming to represent complainant had any actual possession of the land or any part of it, and that from 1910 to 1916 he "crossed the land every week," and he was keeping up the fence and pasturing on the land from 1912 to 1916. Buchmann testified to receiving money for "timber wood and shingles * * * sold off of this place," by Rogers as their agent, and that respondent had paid the taxes on the land each year since 1907. The possessory acts here testified to continued to the filing of the bill. Mr. Cooney states that he saw the trespass sign that was on the place, signed by respondent, and also saw the "strand of barbed wire stretched around the place."

[5] The respondent is shown, not only to have claimed the right to possession, but has indicated such claim by possessory acts, as above referred to, and such claim of possession was in fact brought to the knowledge of complainant's agent. As said in Wood Lumber Co. v. Williams, supra, the way was open for a contest of such possession and claim thereto. In the light of our former decisions, we are constrained to hold that the possessory acts herein indicated on the part of respondent were sufficient as a contest of complainant's possession so as to destroy the peaceable character thereof and constitute it a disputed, contested or scrambling one. Ladd v. Powell, supra; Crabtree v. Alabama Land Co., supra; Randle v. Daughrill, supra; Donohoo v. Smith, 207 Ala. 296, 92 So. 455.

This conclusion destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermitted. Ladd v. Powell, supra.

The decree will be reversed, and one here rendered dismissing the bill, but without prejudice to the right of complainant to in-

stitute appropriate proceedings for the determination of the title to said lands.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.