(117 So. 753)

## MONTGOMERY v. SPEARS et al.
### (7 Div. 794.)

Supreme Court of Alabama.   June 30, 1928.

M. M. Smith, of Pell City, for appellees.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellant.

GARDNER, J. Statutory bill to quiet title to certain land in St. Clair county. From a decree in favor of complainants, defendant prosecutes the appeal.

Complainants trace their record title back to the government; patent having issued to one James Calhoun in January, 1861, who, in November, 1867, deeded the land to Mary P. Allen, complainants deriving title through said Mary P. Allen. Surviving her were children and husband, Bailey P. Allen, who died in 1908.

The source of defendant's claim of ownership was sheriff's deed of February, 1877, under execution issued against the husband, Bailey P. Allen, one William McLaughlin becoming the purchaser. McLaughlin, in 1883,

executed a deed to the property to his daughter, Theodosia Little, who in 1908 deeded the same to Carrie L. Montgomery, and in 1914 Carrie L. Montgomery and her husband, J. A. Montgomery, executed deed to their son, A. C. Montgomery, appellant here.

Complainants' source of title to this property is the same as that involved in Whitmire v. Spears, 212 Ala. 583, 103 So. 668, and that the record fee-simple title is sufficiently shown to be in complainants is not here a controverted issue.

The respondent rests his case upon acquisition of title by adverse possession. Preliminary to a consideration of the cause upon its merits is presented the question as to whether or not complainants, at the time the bill was filed, had the peaceable possession of the lands as distinguished from a "scrambling possession." There is no insistence the property was ever inclosed, and it is without dispute no one was in the actual occupancy when the bill was filed. The mere fact that another denied the right of complainants to possession will not suffice, and, clearly, these were not acts indicating such claim to possession as to open the way for a legal contest of possession. Buchmann Abstract Co. v. Roberts, 213 Ala. 520, 105 So. 675.

Complainants having shown a complete legal fee-simple title in themselves, and no actual possession appearing in some one else, have sufficiently established peaceable constructive possession in compliance with the statutory requirement. Section 9905, Code of 1923; Whitmire v. Spears, 212 Ala. 583, 103 So. 668.

We are not persuaded defendant has established title by adverse possession. There was actual possession in 1883 or 1884 by Theodosia Little, who cultivated a small portion of the land and lived there about one year, in a house she constructed, but which was soon destroyed. She then moved away, and never thereafter had any occupancy of the premises. No one has since lived upon the premises or attempted any cultivation of any portion thereof. This occupancy, however, could in no event avail defendant, as Theodosia Little held under deed from McLaughlin, who purchased only the interest of the surviving husband of Mary P. Allen, the true owner—said husband having only a life estate and living until 1908. Any such possession, therefore, during the life of the life tenant, could not be adverse to the remainder interest. Ray v. Farrow, 211 Ala. 445, 100 So. 868; Kidd v. Browne, 200 Ala. 299, 76 So. 65.

In 1908 Theodosia Little conveyed the property to Carrie L. Montgomery, and in 1910 the latter's husband (whether acting for himself or agent for his wife is left to inference) went upon the land and "dug several test pits," some of which were on the railroad bank, for shale, which was removed in sacks and sent off for examination to ascertain if suitable for manufacturing brick. In 1914 Carrie L. Montgomery conveyed the property to her son, A. C. Montgomery, defendant in this cause. In 1916 or 1917, defendant sold the heading timber on the land, the purchaser during these two years cut such timber therefrom, and defendant walked through the land when he had it surveyed at the time he sold the timber. Defendant states he had been "up to the land about every couple of years, ever since he owned it, and that he never saw any evidence of any trespassing or anybody getting timber," that there is "a road going through the land, * * * a public road, * * * and that witness traveled said road." Defendant saw no evidence of trespass upon the land when the timber was sold and has noticed none since. This constitutes the substance of all the evidence as to any actual possession of the land. Defendant offered further proof, however, that he and his predecessor in his claim of title had paid the taxes since 1908, that he had mortgaged the property and offered it for sale, and that the land had been known or called in the community the "Montgomery" land.

Payment of taxes is not evidence of possession, but, in connection with evidence of actual possession, is admissible to show claim of ownership and extent of possession. Chastang v. Chastang, 141 Ala. 451, 37 So. 799, 109 Am. St. Rep. 45. So likewise are the other matters admissible in connection with evidence of actual possession to show ownership and notoriety thereof. Owen v. Moxon, 167 Ala. 615, 52 So. 527; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Stiff v. Cobb, 126 Ala. 381, 28 So. 402, 85 Am. St. Rep. 38.

This is not to be treated as "wild land." It has been occupied and cultivated. One Moore, witness for defendant, states, "Said forty acres of land has not been what I would term wild land;" and then refers to the occupancy of the land by Mrs. Little, who resided upon the land in 1884, and cultivated a portion thereof.

As disclosed by the foregoing brief review of the evidence, any acts of actual possession were casual only. Wiggins v. Kirby, 106 Ala. 262, 17 So. 354. "Mere casual acts of ownership, as where one authorized persons to go upon the land to cut timber therefrom; that he paid the taxes on it, and requested another to look after the premises for him, do not constitute adverse possession" Alder v. Prestwood, 122 Ala. 367, 24 So. 999.

In the case of Aiken v. McMillan, 213 Ala. 494, 106 So. 150, the "positive acts of ownership and possession * * * continued yearly * * * without interruption or interference by any one," and a review of that case discloses an entirely different situation than is presented in the instant case.

The essential elements of adverse possession are well understood. It must be actual and continuous, as well as exclusive, open, and notorious, hostile, and under claim of right. If possessing all other elements, but lacking in continuity only (1 R. C. L. p. 716) or any one of the above constituents, the possession will not effect a bar to the legal title. Chastang v. Chastang, 141 Ala. 455, 37 So. 799, 109 Am. St. Rep. 45. As said in this authority, and applicable here:

"All titles in the United States emanate originally from the government of the United States, and when a party has a patent from the government, or a direct chain of conveyances from the government to the present holder, he has what is called a complete title. Passing over other ways by which he may lose this title, his title or his right to assert it may be lost by adverse possession or prescription in favor of some other party. But when the law places such high dignity upon a regular documentary title, and requires strict formalities to evidence it, it necessarily follows that it requires clear and definite proof of those things which rest in parol to overcome it."

Complainants to the bill have shown such "complete title," and upon due consideration of the evidence (taken orally before the court) in connection with the forceful argument of counsel for appellant, we are not persuaded it is sufficient to overcome the title of complainants, and establish title by adverse possession in defendant.

It results that the decree is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, J., concur.