## McCALEB v. WORCESTER et al.

I Div. 653.

Supreme Court of Alabama.

March 17, 1932.

Jesse F. Hogan, of Mobile, for appellant.

B. F. McMillan, Jr., and Gaillard & Gaillard, all of Mobile, for appellees.

BROWN, J.

 We are not of opinion that the court erred in overruling the motion to dismiss the bill. The statute and rule of practice authorize a revivor, on motion before the register or the court, by and in the name of the complainant's "successor or *party in interest*," without a bill of revivor. Code 1923, § 6552; Rule 101, Chancery Practice, vol. 4, Code of 1923, p. 938. (Italics supplied.)

The matter in controversy here is the title to the property, and the party in interest, within the meaning of the statute and rule of practice, was the party alleged to have the title. Sims, Ch. Pr. § 620; Rhea v. Tucker, 56 Ala. 450.

The statute, section 9905, Code of 1923, authorized the filing of the bill by the original complainant in his representative capacity, yet by so doing he was asserting and seeking to protect the title that resided in the testator up to the time of his death, and the parties in whose names and behalf the bill was revived, taking the averments of the bill as true, succeeded by the death of the original complainant to the title which he was seeking to protect in his representative capacity.

The fact that the original complainant had statutory authority for proceeding in his representative capacity differentiates this case from that of Bowie v. Minter, 2 Ala. 412.

The complainant made no effort to show that Warren W. Worcester in his representative capacity, his cocomplainants, or his successors, ever had actual possession of the land. They rest their case solely on the contention that they have established a good paper title to the land which draws to it constructive possession, and that they have shown that no one was in actual possession.

One fault in this contention is that the bill as last amended alleges that complain-

ants "are in the *actual peaceable possession claiming to own*" said land. In Montgomery v. Spears et al., 218 Ala. 160, 117 So. 753, cited by appellee, and Whitmire v. Spears et al., 212 Ala. 583, 103 So. 668, upon which the first cited case is rested, the complainant merely alleged peaceable possession and ownership, not actual possession—pedis possessio.

In Cost v. Teague et al., 215 Ala. 111, 110 So. 17, the complainant alleged and proved actual possession in himself and those under whom he claimed.

King Lumber Co. et al. v. Spragner et al., 176 Ala. 564, 58 So. 920, was not a statutory bill, but was a bill to remove a cloud from title, and alleged that complainants owned and were in possession of the property.

Another fault in the appellees' contention is that they failed to show that no one was in the actual possession of the property. The evidence goes to show that the land in question was unfenced, cut-over land; that the respondent and those under whom he claimed had at least color of title; had been exercising acts of ownership over the property for some time before the bill was filed, by building a tent or shack on the property, sinking a well, keeping off trespassers, occupying the same by tenant or agent, and clearing part of the land, and assessing and paying taxes thereon. The evidence further shows that the complainants and those under whom they claim had not assessed the land for taxes for more than twenty years, and that the most they had ever done—assuming that this was done by them or their authority—was to put up signs of warning against trespassers, and these were immediately taken down by the respondent's agent. In short, the complainants have failed to prove the averments of the bill essential to its equity and to give the court jurisdiction to settle and determine the title. Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675; Southern Railway Co. v. Hall, 145 Ala. 224, 41 So. 135.

In George E. Wood Lumber Co. v. Williams, 157 Ala. 73, 47 So. 202, 203, dealing with the question of peaceable possession, it was observed: "So long as his possession is so clear that no one is denying the fact of his actual or constructive possession, it is peaceable, although some other person may be denying his right to possession. Consequently the cases above cited [in that case], and others, have held that the possession must be peaceable, as contradistinguished from a contested, dis-

puted, or scrambling possession. In a case in which the complainants showed that they were the heirs of one S., who had the title to certain wild lands, and consequently had the constructive possession, and the respondent showed [adduced] testimony tending to prove that she had a tax deed for taxes delinquent by said S., that she had paid taxes, kept trespassers off, cut tan bark on the land, and posted notices warning people not to trespass, and objected to persons cutting crossties, on the land, this court said that these acts 'were sufficient to show that complaints (complainants) did not have the peaceable possession of the land' "—citing Randle et al. v. Daughdrill et al., 142 Ala. 490, 492, 39 So. 162 (typographical error corrected in Southern Reporter). See, also, Lyon v. Arndt, 142 Ala. 486, 38 So. 242.

Under the evidence in this case, if we disregard the averment of actual possession, the complainants have failed to meet the burden of showing peaceable possession, and their bill is due to be dismissed.

■ The law as settled in the later decisions of this court is that, where the controversy between the parties in bills to quiet titles is one of ownership and title, a bill and answer conforming to the requirements of the statute, and the complainant proves possession at the filing of the bill, and that no suit is pending in which the title or claim of the respondent can be tested, every issue necessary to a settlement of the controversy is presented. It is only where one of the parties seeks relief not within the scope of the statutory proceedings that a cross-bill is proper or necessary. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223.

The decree of the circuit court, in so far as it grants relief to the complainants, is therefore reversed, and a decree will be here rendered dismissing the original bill as last amended. Scott v. Scott, 211 Ala. 424, 100 So. 755. The decree, in so far as it dismisses the cross-bill, is modified so as to dismiss said cross-bill, without prejudice, and, as modified, is affirmed. The appellees are taxed with the costs of the case accruing in the circuit court, and with the costs of the appeal.

Reversed and rendered in part, and in part modified and affirmed.

ANDERSON, C. J., and BOULDIN and KNIGHT, JJ., concur.