MURDOCK, Justice
(concurring specially in case no. 1071195 and concurring specially in part and dissenting in part in case no. 1071204).
As to Part I of the main opinion, concerning the nonleased property, I fully concur. I agree with the main opinion that the trial court’s “ ‘entry of [a] final order on [its ] determinations ... regarding the Defendants,’ ” 58 So.3d at 145 (emphasis in main opinion), does not adjudicate the plaintiffs ’ interest in the land at issue and, for this reason, cannot be certified as a final judgment. As stated in the main opinion, the trial court’s judgment, based on its finding that one or more of the plaintiffs was entitled to a judgment against the defendants, but not deciding which of the plaintiffs was so entitled, could not be certified as a “final judgment” because it “was not a final adjudication of the plaintiffs’ claims regarding that property.” 58 So.3d at 146 (emphasis added).
It is axiomatic that a “final judgment” requires a final decision as to the entirety of at least one claim as between at least one plaintiff and one defendant. Put plainly, an order cannot be considered a final judgment as to a given claim unless there is at least one “winner” and one “loser” as to that claim and all aspects of that claim as between those two parties have been decided. Here, although we know who the “loser” is in the litigation over the nonleased property, no determination has been made as to who the “winner” is.
The purpose of the finality-certification process allowed by Rule 54(b), Ala. R. Civ. P., is not to change the intrinsic nature of a final judgment. Instead, the certification mechanism is made available as a response to the rule reflected in the last sentence of Rule 54(b), i.e., that an order that would otherwise be a “final judgment” may not be appealed or executed upon because it is “subject to revision at any time before entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties.” The fact remains that Rule 54(b) does not contemplate a finality certification as to a judgment that would not otherwise be a “final judgment,” i.e., a judgment that adjudicates the entirety of at least one claim between at least one plaintiff and at least one defendant.
As to Part II of the main opinion, I respectfully must dissent. I disagree that a failure to prove the peaceable possession required under § 6-6-560, Ala.Code 1975, deprives the circuit court of “subject-matter jurisdiction” over the cause of action created by that statute. Rather, such a failure simply means that a plaintiff has failed to prove a necessary element for recovery under that statute.
Any analysis of the issue of the subject-matter jurisdiction of a circuit court over claims of the nature presented by this case must begin by recognizing that our courts have on occasion referred in jurisdictional terms to that which does not in fact go to the fundamental authority of the court to decide a case. As we recently observed, for example, “our courts too often have fallen into the trap of treating as an issue of ‘standing’ ” — and therefore as an issue of subject-matter jurisdiction — “that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action.” Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d, 1216, 1219 *154 (Ala.2010).[12] Cf. 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure Jurisdiction § 3531 (3d ed. 2008) (“The question whether the law recognizes the cause of action stated by a plaintiff is frequently transformed into inappropriate standing terms.”).[13]
As I understand our jurisprudence on the matter, subject-matter jurisdiction concerns a court’s power to decide certain “types” of cases:
“Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘ “By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.’” (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case). In deciding whether Seymour’s claim properly challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari.”
Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006) (first emphasis original; second emphasis added). Applying this standard, I do not see how it can be said that the circuit court in this case did not have jurisdiction over the “subject matter,” or “type of case,” described in § 6-6-560.
Admittedly, discerning whether an issue implicates a court’s “jurisdiction” can become more complicated in equity cases such as this. This is so because so many reported cases actually speak to three separate and distinct concepts: jurisdiction in the strictest sense, or “subject-matter jurisdiction”; so-called “equity jurisdiction”; and, finally, “equity jurisprudence.” A well respected treatise written before the merger of law and equity in most states begins its explanation of the three above-stated concepts by first explaining the difference between subject-matter jurisdiction and “equity jurisdiction”:
“ § 129. It is important to obtain at the outset a clear and accurate notion of what is meant by the term ‘Equity Ju *155 risdiction.’ It is used in contradistinction to ‘jurisdiction’ in general, and to ‘common-law jurisdiction’ in particular. In its most general sense the term ‘jurisdiction,’ when applied to a court, is the power residing in such court to determine judicially a given action, controversy, or question presented to it for decision. If this power does not exist with reference to any particular case, its determination by the court is an absolute nullity.... On the other hand, it is equally plain that this strict meaning is not always given to the term ‘equity jurisdiction,’ as it is ordinarily used.... [Wjhen ordinarily speaking of the ‘equity jurisdiction’ we do not thereby refer to the general power inherent in a court to decide a controversy at all, — a power so essential that its absence renders the decision a mere nullity, but we intend by the phrase to describe some more special and limited judicial authority.
“ § 130. ‘Equity jurisdiction,’ therefore, in its ordinary acceptation, as distinguished on the one side from the general power to decide matters at all, and on the other from the jurisdiction ‘at lav^ or ‘common-law jurisdiction,’ is the power to hear certain kinds and classes of civil causes according to the principles of the method and procedure adopted by the court of chancery, and to decide them in accordance with the doctrines and rules of equity jurisprudence.... In order that a cause may come within the scope of the equity jurisdiction, one of two alternatives is essential; either the primary right, estate, or interest to be maintained, or the violation of which furnishes the cause of action, must be equitable rather than legal; [or] the remedy granted must be in its nature purely equitable, or if it be a remedy which may also be given by a court of law, it must be one which, under the facts and circumstances of the case, can only be made complete and adequate through the equitable modes of procedure. ...
“ § 131. It is plain, from the foregoing definitions, that the question whether a given case falls within the equity jurisdiction is entirely different and should be most carefully distinguished from the question whether such case is one in which the relief peculiar to that jurisdiction should be granted, or in which the equity powers of the court should be exercised in maintaining the primary right, estate, or interest of the plaintiff. The constant tendency to confound these two subjects, so essentially different, has been productive of much confusion in the discussion of equitable doctrines. Equity jurisdiction is distinct from equity jurisprudence. One example will suffice to illustrate this important proposition. A suit to enforce the specific performance of a contract, or to reform a written instrument on the ground of mistake, must always belong to the equity jurisdiction, and to it alone, since these remedies are wholly beyond the scope of common-law methods and courts; but whether the relief of a specific performance, or of a reformation, shall be granted in any given case, must be determined by an application of the doctrines of equity jurisprudence to the special facts and circumstances of that case.... In other words, the equity jurisdiction may exist over a case, although it is one which the doctrines of equity jurisprudence forbid any relief to be given, or any right to be maintained. This conclusion is very plain, and even commonplace; and yet the ‘equity jurisdiction’ is constantly confounded with the right of the plaintiff to maintain his suit, and to obtain the equitable relief. This is, in fact, making the power to decide whether equitable relief should *156 be granted to depend upon, and even to be identical -with, the actual granting of such relief.”
J. Pomeroy, Pomeroy’s Equity Jurisprudence §§ 129-131 (3d ed. 1905) (footnotes omitted; second emphasis in original; other emphasis added).
Reflective of the law as explained above, the court in Yuba Consolidated Gold Fields v. Kilkeary, 206 F.2d 884, 887 (9th Cir.1953), held as follows:
“This case is permeated with serious questions relating to jurisdiction which requires, at the threshold of our discussion, that we point out the distinction between the term ‘jurisdiction’ in its strict sense, and as commonly used in equity jurisprudence. ‘Jurisdiction,’ in the strict meaning of the term, is the power to hear and determine the subject matter of the class of actions to which the particular case belongs. Reference to ‘equity jurisdiction’ does not relate to the power of the court to hear and determine a controversy but relates to whether it ought to assume the jurisdiction and decide the cause. The distinction is of the utmost importance here, as this case involves problems of both ‘equity jurisdiction’ and ‘jurisdiction’ in its strict sense.”
(Emphasis added.) Having explained the difference between “jurisdiction” in its “strict sense” and “equity jurisdiction,” the court then noted the difference between “equity jurisdiction” and equity jurisprudence: “Equity jurisdiction being recognized, the question whether it will be exercised rests in the sound discretion of the chancellor.” 206 F.2d at 889.
In a 1958 decision, the Supreme Court of Maryland offered this observation:
“Originally the term ‘equity jurisdiction’ referred to the category of controversies that a court of equity was authorized to decide. So long as the principles of equity were administered by separate courts, questions of equity jurisdiction were often considered to be jurisdictional in the strict sense, ie., if the cause of action was not of a kind that fell within the province of the chancellor, a court of equity had no power to decide the case. However, in those states where law and equity have been merged, equity jurisdiction is something entirely different from jurisdiction over the subject matter. See Chafee, Some Problems of Equity (1950) 305-6. Thus, in those states which have a single system of courts administering principles of both law and equity, the lack of equity jurisdiction does not necessarily mean that the court lacks power to adjudicate the controversy, but only means that under the historic principles of equity the party seeking relief is not entitled to it. There the concept of equity jurisdiction is one that relates to the question of the merits of a controversy rather than to the basic power of the court to decide the case.”
Moore v. McAllister, 216 Md. 497, 507-08, 141 A.2d 176, 181-82 (1958) (emphasis, other than on “power,” added).
It may be true that “[tjitle may be quieted in a party under [§ 6-6-560] only when that party is in actual, peaceable possession or when no one is in actual possession,” see Cobb v. Brown, 361 So.2d 1069, 1070 (Ala.1978), but this requirement goes neither to the subject-matter jurisdiction of the circuit court to decide a quiet-title action nor to so-called “equity jurisdiction”; it instead goes to the jurisprudential merits of the quiet-title claim. The requirement that a plaintiff be in peaceable possession is a statutorily imposed prerequisite to recovery by the plaintiff. In this respect it is no different than, for example, a showing of actual possession *157 for an adverse-possession claim or of a valid contract for a breach-of-contract claim. Similarly, it is no different than the showing of possession necessary for the maintenance of an ejectment action in our courts.[14] The circuit court does not make the decision whether the element of peaceable possession exists in order to determine whether it has subject-matter jurisdiction over this type of case, but does so because it has subject-matter jurisdiction over this type of case.[15]
The main opinion, in note 8, 58 So.3d at 147, cites a number of cases purportedly supporting the notion that a failure to prove peaceable possession prevents a court from acquiring subject-matter jurisdiction over a claim in equity to quiet title under § 6-6-560. The above-explained difference between subject-matter jurisdiction and “equity jurisdiction” may explain in part why, in just a few of these cases, we see the court using the term “jurisdiction” to describe the ability of the court to grant equitable relief, but in none of these cases do we find the term “subject-matter jurisdiction.” Indeed, references in such cases to the “jurisdiction” of equity would appear traceable to cases decided in Alabama and other states before the merger of law and equity. See, e.g., Merchants Nat’l Bank of Mobile v. Morris, 252 Ala. 566, 569, 42 So.2d 240, 242 (1949) (stating that “the [Grove] Act [including the statute now codified at § 6-6-560, Ala.Code 1975] confers upon the circuit court in equity a limited jurisdiction in which the statutory requirements must be made to appear on the record and be introduced in evidence as a support to the decree”), and Buchmann Abstract & Inv. Co. v. Roberts, 213 Ala. 520, 521, 105 So. 675, 676 (1925).
In any event, a compelling line of Alabama cases confirms that a failure to prove *158 peaceable possession is a failure that goes to the jurisprudential merits of a claim in equity to quiet title, not to the circuit court’s fundamental power to hear and decide that claim. The case of Chestang v. Tensaw Land & Timber Co., 273 Ala. 8, 134 So.2d 159 (1960), is particularly worth closer examination in light of the main opinion’s quotation of Buchmann.[16]
In Chestang, the plaintiff alleged in his complaint that he held “peaceable possession” of the property in question. The trial court determined, upon examining the facts, that the plaintiff did not have peaceable possession of the property and that, in fact, title should be quieted in the defendant. This Court stated that the core issue before it was as follows: “Did the trial court, after finding that complainant was not in peaceable possession of the lands, have authority, under the pleadings, to go further and render the decree establishing ownership of the lands in respondent?” 273 Ala. at 12, 134 So.2d at 162. On rehearing, the Court addressed Buch-mann and gave a thorough and persuasive affirmative answer to the question posed:
“There is a long line of cases holding that complainant must have actual or constructive possession, peaceable and undisputed, as distinguished from a disputed or scrambling possession, to be entitled to recover. 16 Ala. Dig., Quieting Title, 12(9). There was no conflict, addition or subtraction to this rule until the case of Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675, 676 [ (1925) ]. In that case, this court held that the evidence showed a scrambling possession and dismissed the bill. This action was proper; but the following paragraph was added to the opinion:
“ ‘This conclusion destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title. These matters are properly here pretermit-ted. Ladd v. Powell, supra [144 Ala. 408, 39 So. 46 [(1905)].]’
“Ladd v. Powell supports the result but not the proposition that the jurisdiction of the court is destroyed at its very threshold.”
273 Ala. at 13-14, 134 So.2d at 163. After noting three other cases in which the “jurisdiction destroyed” statement had been repeated, the Court observed:
“In the case of Crump v. Knight, 250 Ala. 393, 34 So.2d 593, 596 [ (1948) ], this court followed the Buchmann case, and even though the trial court had held that complainant had neither possession nor title, but found for respondent under his cross-bill, we said:
“ ‘When the court determined that the complainant had failed to establish such possession as warranted the maintenance of his bill, this ended any litigable controversy between the parties .... ’
“This statement and its application conflicts with the holding of this court in cases decided prior to the introduction of the ‘jurisdiction destroyed’ statement in the Buchmann case. See Collier v. Alexander, 138 Ala. 245, 36 So. 367 [ (1903) ]; O’Neal v. Prestwood, 153 Ala. 443, 45 So. 251 [ (1907) ]; Vandegrift v. Southern Mineral Land Co., 166 Ala. *159 312, 51 So. 983 [ (1909)[17]]; Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 So. 272 [(1910)]; Rucker v. Jackson, 180 Ala. 109, 60 So. 139 [ (1912) ]. In the opinion in each of the last four cited cases, this court made the categorical statement that the proof showed the complainant was not in possession, yet title was quieted in respondent. It is obvious that this court did consider that it had jurisdiction to decide the cases even when the complainant did not prove his allegation that he was in possession.
“There would also be a conflict with those cases wherein this court has held that when it appears that the title to part of the land is in the complainant, and part in the respondent, the court should ascertain and declare these facts, and decree accordingly. Motley v. Crumpton, 265 Ala. 565, 93 So.2d 413 [ (1957) ]; Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194 [ (1938) ]; Friedman v. Shamblin, 117 Ala. 454, 23 So. 821 [ (1898) ].
[[Image here]]
“It is the law both generally and specifically in statutory actions to quiet title, that allegations in pleadings go to the question of jurisdiction, and proof to the right of plaintiff to recover....
“ ‘The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of plaintiff to relief rather than to the jurisdiction of the court to afford it.’ 21 C.J.S. Courts § 35, p. 44.
“In Adler v. Sullivan, 115 Ala. 582, 22 So. 87 [ (1897) ], decided just four years after the adoption of the statute, the court said:
“‘The mere reading of the bill in connection with the statute, under which it is filed, — (Acts, 1892-93, p. 42), — suffices to show that it contains the necessary averments under the act, to give the court jurisdiction and to authorize relief.... ’
[[Image here]]
“In Stewart v. Childress, 269 Ala. 87, 111 So.2d 8, 12 [ (1959) ], we said:
“ ‘... Furthermore, it is well settled that in a proceeding under the statute, “if the averments of the bill and answer conform to the requirements of the statute, the issues involve everything necessary to a determination by the court as to whether the complainant or the defendant has the superior title to the property, and it is proper for the court under the issues thus found to determine in which of the parties the title resides.” ’ ”
273 Ala. at 14-15, 134 So.2d at 164-65 (emphasis added).
The Chestang Court then proceeded to review holdings from other jurisdictions that comported with the conclusion it reached, including that of Young v. Hamilton, 135 Ga. 339, 348, 69 S.E. 593, 597 (1910) (“The jurisdiction of a court to entertain a cause, and the right of the plaintiff in such cause to finally prevail, present essentially different questions.”), and Atwood v. Cox, 88 Utah 437, 446, 55 P.2d 377, 381 (1936) (“Jurisdiction can never depend upon the merits of the case brought before the court, but only upon its right to hear *160 and decide at all.”). 273 Ala. at 16, 134 So.2d at 165-66.
As the Chestang Court also explained:

“At trial, the burden is on complainant to prove his allegations. If he cannot, he fails to recover and his suit cannot be maintained. But that does not mean that the equity court suddenly lost jurisdiction to proceed any further. ...

[[Image here]]
“We think we have explained most of the differences appearing in the cases under the quieting title statute. It follows that the ‘jurisdiction destroyed’ statements in the cases of Buchmann Abstract & Investment Co. v. Roberts, 213 Ala. 520, 105 So. 675 [(1925)]; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217 [ (1929) ]; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595 [(1932)]; Price v. Robinson, 242 Ala. 626, 7 So.2d 568 [ (1942) ]; McGowin v. Felts, 263 Ala. 504, 83 So.2d 228 [ (1955) ]; Mettee v. Bolling, 266 Ala. 50, 94 So.2d 191 [ (1957) ]; Hart v. Allgood, 260 Ala. 560, 72 So.2d 91 [(1954)]; Wilson v. Dorman, 271 Ala. 280, 123 So.2d 112 [ (1960) ], should be disregarded ....
[[Image here]]
“For sixty-nine years, the bench and bar of this state have used Tit. 7, § 1109 et seq., to quiet title. In the great majority of cases, the complainant has had peaceable possession. But we are sure that title has been quieted many times in the respondent when possession was in him. Most of those cases probably were not appealed, but that was the holding of this court in 1907 in O’Neal v. Prestwood, 153 Ala. 443, 45 So. 251 [ (1907) ], and later in subsequent cases already cited. To begin enforcing a rule that the court has no jurisdiction of a suit to quiet title when the complainant failed to prove his allegation of peacear-ble possession might put many titles in jeopardy.”
273 Ala. at 16-17, 134 So.2d at 166 (emphasis added).
The Chestang Court made these observations in 1960. It has now been another 50 years that “the Bench and Bar of this state have used Tit. 7, § 1109 et seq. [or their successors, including § 6-6-560], to quiet title.” Thus, it may be said today with even more apprehension that to now allow collateral attacks upon titles quieted in actions where the proper findings regarding peaceable possession were not made would indeed put many titles in jeopardy.
In Myers, 273 Ala. at 29, 134 So.2d at 178-79, the Court reaffirmed that the statement in Buchmann concerning the jurisdiction of the court was no longer good law.
“While it is established that a complainant in a statutory bill to quiet title, who fails to prove his peaceable possession, thereby fails to sustain the equity of his bill and is not entitled to relief, the cases cited in support of the assertion in the Buchmann case do not hold that where complainant fails to prove his peaceable possession the court is without jurisdiction to quiet the title of the respondent....
[[Image here]]
“The cases cited in the Buchmann case do support the proposition that a complainant who fails to prove his peaceable possession is not entitled to have his title declared superior to that of respondent, but the cited cases do not hold that the title of a respondent shown to be in peaceable possession cannot be quieted in him, or that the court lacks jurisdiction to render a decree declaring that respondent has superior title.”
(Emphasis added.)
This understanding of the jurisdiction of the circuit court in a quiet-title action also *161 was upheld in Woolf v. Oswell, 285 Ala. 648, 650, 285 So.2d 794, 795 (1970), Lott v. Keith, 286 Ala. 431, 433, 241 So.2d 104, 105 (1970), Bukacek v. Pell City Farms, Inc., 286 Ala. 141, 145-46, 237 So.2d 851, 854 (1970), Ford v. Washington, 288 Ala. 194, 198, 259 So.2d 226, 228-29 (1972), Hinds v. Slack, 293 Ala. 25, 29, 299 So.2d 717, 720 (1974), and Cooper v. Adams, 295 Ala. 58, 60, 322 So.2d 706, 707 (1975).
It is true that some of our cases after Cooper appear to have overlooked the holding in Chestang and thus in some form have repeated the jurisdiction language first mentioned in Buchmann. The most notable of these cases are Historic Blakeley Foundation, Inc. v. Williams, 40 So.3d 698, 702 (Ala.2009); Woodland Grove Baptist Church v. Woodland Grove Community Cemetery Ass’n, Inc., 947 So.2d 1031 (Ala.2006); Thrift v. McConnell, 564 So.2d 431, 433 (Ala.1990); and Cullman Wholesale Co. v. Simmons, 530 So.2d 727, 729 (Ala.1988) (plurality opinion). Woodland Grove quotes directly from Buchmann for support of its statement that “[t]he trial court has jurisdiction over quiet-title actions in which the plaintiff shows that he or she is in peaceable, rather than scrambling, possession of the property.” 947 So.2d at 1038. Williams and Thrift quote from Cullman on this issue. The pertinent portion of Cullman simply quotes the statute at length, including the four alternative ways to prove entitlement to relief (see note 15, supra), and states that “‘[t]he trial court must deny relief unless one of the above situations is proven.’ ” Cullman, 530 So.2d at 729 (quoting Gulf Land Co. v. Buzzelli, 501 So.2d 1211, 1212 (Ala.1987)) (emphasis omitted). Without further analysis, the Cullman Court then described what it said was the “obvious import” of the foregoing statement, an import that I submit is not at all “obvious”:

“The obvious import of the above emphasized language is that the trial court, in the absence of a showing by the complainant that he meets one of the four situations set forth in the statute, is without power to assume jurisdiction over the subject res.”

Cullman, 530 So.2d at 729 (emphasis added).
Cullman relies upon Buzzelli, supra, which in turn relies upon Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). In doing so, however, the Cullman Court misreads both Fitts and Buzzelli. Fitts states that
“one who claims to own lands or any interest therein ... may file a verified bill of complaint in the circuit court, in equity, of the county in which such lands lie, against the lands and any and all persons claiming or reputed to claim any title to ... said lands ... when either of the following situations is shown to exist:
“1. When the complainant is in the actual, peaceable possession of the lands....”
Fitts, 277 Ala. at 375, 170 So.2d at 810. Thus, Fitts does not explicitly state that a circuit court lacks subject-matter jurisdiction unless the complainant has actual, peaceable possession of the subject property; the Fitts Court states that the plaintiff “may file a verified bill of complaint” if the plaintiff avers that he or she holds peaceable possession of the property in question.
Buzzelli actually articulated the issue in a fashion that comports with Chestang by stating that “[t]he trial court must deny relief unless one of the above situations is proven.” Buzzelli, 501 So.2d at 1212 (emphasis added). A denial of relief does not depend upon a lack of subject-matter jurisdiction.
In short, the cases relied upon in Cull-man provide no support for the statement *162 in Cullman concerning the jurisdiction of the circuit court. Chestang accurately and thoroughly explains the law on this issue, and it should be followed by the Court in this case.[18] In an action brought under § 6-6-560, title may be quieted in the defendant, or no one at all, but the circuit court possesses jurisdiction to make such a determination.[19]
Thus, the requirement of proof of peaceable possession in equitable actions to quiet title is one that goes to the merits of the controversy, rather than to the subject-matter jurisdiction of the circuit court to decide this “type of case” or a “cause of action” in the first place. The inability of the plaintiffs, as stated in the main opinion, “to meet the requirements of Ala. Code, § 6-6-560,” 58 So.3d at 149, does not mean that the trial court lacked subject-matter jurisdiction over their claims. It means only that the plaintiffs failed to prove an essential prerequisite to their recovery under those claims.
The competing claims of both sets of parties to the leased land were within the subject-matter jurisdiction of the trial court. Because of this, I must dissent from the majority’s action today in case no. 1071204 quashing the writ in part in that case.
I agree with the main opinion, however, to the extent it concludes that the record is insufficient to support a claim of peaceable possession by E’Stella Alexander Webb Cottrell as to the leased land. I further note that the appeal before us and the arguments presented also call on us to decide the correctness of the decision of the Court of Civil Appeals to affirm the trial court’s judgment quieting title to the leased land in the heirs of Larenda Jenkins. Because I believe the Court of Civil Appeals reached the correct result in this regard,[20]1 believe this Court should affirm this portion of its judgment.

.
"Nor do we see that the consideration of the legal theory asserted by BCBSAL is outside the subject-matter jurisdiction of either the trial court or this Court. The courts of this State exist for the very purpose of performing such tasks as sorting out what constitutes a cognizable cause of action, what are the elements of a cause of action, and whether the allegations of a given complaint meet those elements. Such tasks lie at the core of the judicial function. See generally, e.g., Art. VI, § 139(a), Ala. Const.1901 (vesting ‘the judicial power of the state' in this Court and lower courts of the State); Art. VI, § 142, Ala. Const.1901 (providing that the circuit courts of this State ‘shall exercise general jurisdiction in all cases except as may otherwise be provided by law').”
Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So.3d at 1220-21.

. Also, cf. Gene R. Nichol, Jr., Ripeness and the Constitution, 54 U. Chi. L.Rev. 153, 162 (1987) (observing that the ripeness doctrine has been used by federal courts in recent years "to measure the demands of substantive statutory or constitutional causes of action,” but noting that "[tjhis application of the doctrine does not relate to jurisdictional power at all. Instead, it is an aspect of actionability analysis — that is, the determination of whether the litigant has stated a claim on which relief can be granted.... See Fed. Rule Civil Proc. 12(b)(6).”).

. Compare, e.g., Penick v. Most Worshipful Prince Hall Grand Lodge F & AM of Alabama, Inc., 46 So.3d 416, 432 (Ala.2010) (reversing a judgment of ejectment on its merits because the plaintiff did not have legal title to or possession of the property at the time it filed its complaint, applying and quoting Ala.Code 1975, § 6-6-280) (" '[T]he complaint [in an ejectment action] is sufficient if it alleges that the plaintiff was possessed of the premisses or has the legal title thereto ... and that the defendant entered thereupon and unlawfully withholds and detains the same.’ ").

. Indeed proof of peaceable possession is not even necessary for a circuit court to grant relief under § 6-6-560; it is only a prerequisite for relief under one of four different, alternative showings prescribed by the statute:
"When any person, natural or artificial, claims, either in his own right or in any representative capacity whatsoever, to own any lands or any interest therein, and is in the actual, peaceable possession of the land, or if neither he nor any other person is in the actual possession of the lands and he holds, and has held, color of title to the lands, or interest so claimed, for a period of 10 or more consecutive years next preceding and has paid taxes on the lands or interest during the whole of such period, or if he, together with those through whom he claims, has held color of title and paid taxes on the land or interest so claimed during the whole of such period of time, or if he and those through whom he claims have paid taxes during the whole of such period of 10 years on the lands or interest claimed and no other person has paid taxes thereon during any part of said period, he may, if no action is pending to test his title to, interest in or his right to the possession of such lands, file a verified complaint in the circuit court of the county in which such lands lie against said lands and any and all persons claiming, or reputed to claim, any title to, interest in, lien, or encumbrance on said lands, or any part thereof, to establish the right or title to such lands or interest and to clear up all doubts or disputes concerning the same.”
I do not see that the element of peaceable possession under the first alternative presented by the statute any more implicates the subject-matter jurisdiction of the circuit court than the other showings necessary to prevail under that alternative or any of the other three alternatives presented by the statute.

. It also should be noted that the Court of Civil Appeals discusses the issue of jurisdiction. In note 7 of its opinion, that court relies upon Myers v. Moorer, 273 Ala. 18, 134 So.2d 168 (1961), and Chestang to conclude, as do I, that the trial court’s jurisdiction is not in issue. Stokes v. Cottrell, 58 So.3d 123, 129 (Ala.Civ.App.2008).

. In Myers v. Moorer, 273 Ala. 18, 30, 134 So.2d 168, 180 (1961) (opinion on rehearing), this Court observed:
"It is difficult, if not impossible, to reconcile the Vandegrift decision with the proposition that lack of peaceable possession in complainant deprives the court of jurisdiction to declare that a respondent in peaceable possession has a title superior to that of a complainant who had no possession.”

. In Chestang, this Court engaged in a very explicit and thorough analysis of whether the requirement of peaceable possession went to the subject-matter jurisdiction of the court. This issue has not been expressly analyzed in subsequent cases that used the term "jurisdiction,” and those cases do not command prec-edential respect in the manner that does Chestang. Furthermore, because the issue is indeed one pertaining to the jurisdiction of the trial court and this Court, I do not share the hesitation of some other Justices to base this Court's decision in the present case on a proper understanding of it.

. The discussion of the import of peaceable possession is, in some cases, provided in the context of an in rem action under § 6-6-560, Ala.Code 1975, or its predecessor, and in other cases in the context of in personam actions under § 6-6-540, Ala.Code 1975, or its predecessor. There is no material difference between the two statutes, however, as to their language requiring a showing of peaceable possession. Compare § 6-6-560 ("[W]hen any person ... is in the actual, peaceable possession of the land ... he may ... file a verified bill of complaint....”) with § 6-6-540 ("[Wjhen any person is in peaceable possession of lands ... such person ... may bring and or maintain a suit.... ”). The fact that the two statutes contemplate the naming of different types of defendants, (i.e., both the land and interested persons in an in rem action) does not alter the similarity for our purposes of the required showing of peaceable possession contained in each statute.

.I do not intend by this statement to imply that I do not agree with the result reached by the Court of Civil Appeals as to the remainder of the property; as discussed above, that issue simply is not before us at this time.