16 So.2d 9

### BRUNSON v. BAILEY.

#### 4 Div. 294.

Supreme Court of Alabama.

Dec. 16, 1943.

J. M. Rowe, of Elba, for appellant.

P. B. Traweek, of Elba, for appellee.

FOSTER, Justice.

The question on this appeal relates to the sufficiency of a bill in equity as amended on demurrer assigning specific grounds. The demurrer was overruled, and defendant appeals.

The bill as filed originally was merely a statutory suit to quiet the title to eighty-five acres of land specifically described. Section 1109, Title 7, Code of 1940. It alleged that complainant was in the "actual or constructive possession of the land," and contained the other statutory provisions necessary for a suit. Demurrer was overruled, and that decree is not here questioned.

Upon the filing of an answer setting up a deed to respondent of it and other land from the State Land Commissioner of Alabama, reciting a sale of it to the State on August 21, 1935, to pay taxes, fees, costs and expenses of sale, complainant then filed an amendment to the original bill, retaining it as originally filed with the amendment as the amended bill.

The amendment alleges facts to show that in 1936, defendant went into possession of the land as a tenant of complainant, with certain specific obligations, but with no defeasance stipulation, and while so in possession acquired the deed from the State: that he violated those obligations: that the deed to him by the State is void because he was then a tenant of complainant, and it should be cancelled. The bill as amended prays for a cancellation of the deed; and for an accounting for the use and occupation; and to determine whether complainant should pay respondent any sum as a condition to a redemption of the land and for general relief. We will consider the grounds of demurrer stressed in brief.

The court in overruling the demurrer wrote an opinion holding that the bill showed constructive possession in complainant sufficient to obtain relief under the statute to quiet title, supra; that complainant has a right to redeem the land by this suit in equity: that complainant has no adequate remedy at law: that "respondent has never been in possession of the land, as his possession is that of his landlord."

We understand that to mean that it does not appear that the possession of respond-

ent has become hostile to complainant or other than as a tenant in recognition of the rights of the landlord.

It is of course quite true that under the statute, supra, complainant may maintain the bill upon an allegation of constructive peaceable possession, not now considering whether such a broad expression without supporting facts is sufficient. The statute so provides. "Constructive possession * * * is that possession which the law annexes to the legal title or ownership of property, when there is a right to immediate actual possession of such property, but no actual possession" (Southern Rwy. Co. v. Hall, 145 Ala. 224, 226, 41 So. 135, 136), but not if there is an actual possession in someone else. Wood Lumber Co. v. Williams, 157 Ala. 73, 78, 47 So. 202; Montgomery v. Spears, 218 Ala. 160, 117 So. 753.

It is well understood that a landlord is in possession under certain concepts of law, though the land is occupied by a tenant solely. The possession by a tenant is the possession of the landlord. Alabama State Land Co. v. Hogue, 164 Ala. 657, 51 So. 320; Stephens v. Stark, 232 Ala. 485, 168 So. 873; 1 Amer.Jur. 807, § 32. As long as the possession of the tenant continues under his contract, both landlord and tenant are in the possession for certain purposes, each respectively.

The amendment is based on complainant's claim of equitable right in two aspects. He first invokes the principle that during the pendency of a lease, the tenant acquires nothing when he buys at a tax sale of the land. The second is that, if mistaken in that contention, he seeks to redeem.

We fully recognize the principle that a rule of law prohibits a tenant from acquiring the title of the landlord at a tax sale made during the tenancy. Lewis v. Burch, 215 Ala. 20, 108 So. 854. One reason for it is stated in Bailey's Adm'r v. Campbell, 82 Ala. 342, 345, 2 So. 646, to be that the relation of the parties imposes on them both the duty of paying taxes assessed against the property in which each has an interest: that it is immaterial to this question in whose name the land is assessed,—the tax is assessed and levied on the land itself including the interest of the tenant, and a purchaser at the tax sale acquires a fee, free from the tenancy, and may oust the tenant. Another reason said to be the sounder of the two is that there is a presumption of law that the tenant in buying at the tax sale does so for the protection of his own interest, and to save his possessory right. The result is said to be that such a purchase operates as a payment of the taxes, which the tenant may charge to his landlord by way of set-off, if he desires. See, also, Jackson v. King, 82 Ala. 432, 3 So. 232.

When the purchase by the tenant is of a complete title held by the State created prior to the inception of the relation of landlord and tenant, the situation is not different from that of any other outstanding title purchased by the tenant. It cannot be said that he is paying the taxes on his possessory interest. But the sale to the tenant under such circumstances passes the title to him with the presumption that he is buying it to protect his possession against such adverse right, and in accordance with analogy and good precedent, we held in Childress v. Smith, 227 Ala. 435, 150 So. 334, that the landlord had an election to reimburse the tenant for the amount so expended by him in acquiring the title during the tenancy, and claim the benefit of the purchase to be exercised in a reasonable time. This is the logical conclusion from the presumption that his purchase during tenancy was to protect his rights under the lease.

It is not clear whether complainant seeks to reimburse the tenant and claim the benefits of a purchase by him under the principle we have stated, or whether he is seeking to obtain the benefits of section 296, Title 51, Code of 1940. Either theory of relief is available as an independent equity and as an incident to his statutory bill to quiet title, as set up in the amendment, upon the basis of his possession. To support such statutory right of redemption, supra, complainant must be in possession of the land. The question in such a controversy is whether the right to redeem by the taxpayer has been cut off by the possession of the tax purchaser.

This question was fully reviewed and cases cited in our recent case of Tensaw Land & Timber Co. v. Bessie Rivers, Adm'x, 15 So.2d 411.[1] Pursuant to the discussion in that case, and the authorities cited in it, complainant here shows that he

---

[1] 244 Ala. 657.

has had such possession as to support an equitable proceeding to redeem under that statute, although the defendant is his tenant. See National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421; Georgia, etc., Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794; Chestnutt v. Morris, 223 Ala. 46, 135 So. 344; Threadgill v. Home Loan Co., 219 Ala. 411, 122 So. 401; Bell v. Propst, 220 Ala. 641, 127 So. 212; Morris v. Card, 223 Ala. 254, 135 So. 340; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

 Also for the purpose of obtaining relief only available on equitable principle by reimbursing respondent for the amount expended in the purchase of the land from the State by the tenant, we think that the possession of a landlord by his tenant satisfies the requirement of a court of equity as a condition to relief.

Thus considered, we think the decree overruling the demurrer is due to be affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

