49 So.2d 277

**CRIM v. HOLCOMBE.**

**7 Div. 39.**

Supreme Court of Alabama.

Dec. 14, 1950.

Karl C. Harrison. and Frank Head, of Columbiana, for appellee.

LIVINGSTON, Justice.

This is a bill to quiet title under and by virtue of sections 1109 and 1110, Title 7, Code of 1940, which Code sections read as follows:

"When any person is in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or encumbrance, such person or his personal representative or guardian, so in

Paul O. Luck, of Columbiana, for appellant.

possession, may bring and maintain a suit in equity to settle the title to such lands, and to clear up all doubts or disputes concerning the same."

1110. "The bill authorized by the preceding section must describe the lands with certainty, must allege the possession and ownership of the complainant, and that the defendant claims or is reputed to claim some right, title, or interest in or incumbrance upon such lands, and must call upon him to set forth and specify his title, claim, interest or incumbrance, and how and by what instrument the same is derived and created."

Respondent's demurrer to the amended bill of complaint as a whole was overruled and he appealed. The propriety of that decree is the only question presented for review.

Appellant contends that the bill of complaint is insufficient as to the allegation of peaceable possession under a claim of ownership, necessary to invoke the rights conferred by section 1109, supra. That at most the bill shows only a disputed or scrambling possession of the premises involved.

■■ A bill of complaint on demurrer is, of course, construed most strongly against the pleader. The language of the bill should, however, when so tested, be given a fair and reasonable interpretation and hypercriticism should not be indulged in. When a bill of complaint shows the facts of a case and those facts show a right of recovery, the bill is sufficient although the language in which the facts are stated may be somewhat involved and obscure. Zeigler v. Zeigler, 180 Ala. 246, 60 So. 810.

Construing the bill in this case, as above indicated, we think it reasonably appears that, on January 1, 1941, complainant was the owner and in the peaceable possession of the following described lands: "commencing at a point 430 feet due east of the southeast corner of the Baker lot now owned by T. W. Whatley; then run due east 180 feet to the southwest corner of Wash Adams lot; thence run due north 70 yards; thence run due west 130 feet; thence run south 70 yards to the point of beginning; all lying and being in the town of Calera, Shelby County, Alabama; all being situated in section 20, township 22, range 2 west": that on or about said date complainant rented the above described property to respondent at and for the sum of five dollars per month and respondent's agreement to maintain and keep up the premises; that, in pursuance with said agreement, the respondent took possession of said premises and has remained in possession thereof ever since as the tenant of complainant; that respondent paid three months' rent but has failed and refused to pay complainant any further rent; that respondent claims, or is reputed to claim, some right, title, interest in or encumbrance on said lands, and complainant calls on respondent to set forth and specify his title, claim, interest or encumbrance and by what instrument, if any, the same is held; that there is no suit pending to enforce or test the validity of such title, claim or encumbrance.

■ The foregoing is clearly sufficient to make out a case for quieting complainant's title, for the reason that a landlord is in possession under certain concepts of law, though the land is occupied by a tenant solely. The possession by the tenant is the possession of the landlord. As long as the possession of the tenant continues under his contract, both tenant and landlord are in the possession for certain purposes, each respectively. Brunson. v. Bailey, 245 Ala. 102, 16 So.2d 9.

The instant bill further alleges in substance that, on to wit the 12th day of June, 1942, the respondent, while still a tenant of complainant bought from the State of Alabama for a recited consideration of one hundred dollars the following described land: "House and lot number 2J, lying north of Southern Railroad right of way, bounded on the north by T. E. McKibbon lot; bounded on the east by L. W. Seale and the Southern Railroad right of way; bounded on the west by J. M. Pilgreen; in NE ¼ of SE: of section 20, township 22, range 2 west, Shelby County, Alabama," and that said land was assessed.

to one A. F. Seale for taxes and was sold to the State of Alabama on October 15, 1934, for the non-payment of same; that complainant verily believes that the said deed from the State Land Commissioner to respondent is the basis of respondent's claim to an interest in or an encumbrance on complainant's said land.

It is to be noted that the two parcels of land, mentioned above, are not described alike. Whether the two descriptions are of one and the same parcel or of two separate parcels we do not know: but we think that is immaterial. If the description in the deed from the State Land Commissioner to respondent includes the lands alleged to be owned by complainant, then respondent would be in the position of a tenant in possession who purchases an outstanding tax title of his landlord. In such event, the presumption is that it is to protect his possession under the rental agreement and it is subject to the right of the landlord to reimburse him for his outlay to be exercised within two years after notice of the purchase; but that limitation does not begin to run until after the surrender of possession of the tenant. Childress v. Smith, 227 Ala. 435, 150 So. 334; Brunson v. Bailey, supra; Kelly v. Kelly, 250 Ala. 664, 35 So.2d 686. If, on the other hand, said description does not include the lands alleged to be owned by the complainant, we are unable to see how it could adversely affect the bill of complaint. It seems that it would be mere surplusage.

The bill as a whole clearly states a case under sections 1109 and 1110, supra, for quieting complainant's title to the lands alleged to be owned by him, although the land is in the possession of the tenant. The bill does not show a disputed or scrambling possession because the possession of the tenant is the possession of the landlord. So long as the tenant stays in possession under the terms of his rental agreement the statute of limitations does not begin to run. Authorities supra.

FOSTER, LAWSON and STAKELY, JJ., concur.