63 So.2d 27

### CASH et al. v. CASH.
### 7 Div. 137.

Supreme Court of Alabama.
Jan. 22, 1953.

L. L. Crawford and C. A. Wolfes, Fort Payne, for appellants.

John B. Isbell and Wm. Beck, Fort Payne, for appellee.

LIVINGSTON, Chief Justice.

The bill of complaint here involved was filed by the appellee against all the heirs at law of her deceased husband, R. A. Cash, to establish a resulting trust in two certain parcels of land, the legal titles to which were in the husband at the time of his death.

The case made by the bill shows affirmatively that appellee is the widow of R. A. Cash, deceased, who died November 16, 1933; that appellee and R. A. Cash were married for a period of more than fifty years and that the couple had no children. As to the acquisition of one of the properties, the bill avers that appellee became entitled "to certain monies by inheritance and as legatee which were collected by her husband *and used by him* in the purchase" of one forty-acre tract of land; that they went into possession, and that during their entire married life the husband disclaimed any ownership of the land, and affirmed at all times it was purchased with appellee's money and was her property. Other allegations as to this 40-acre tract show that appellee held out to the world and advised all parties that the land was hers, and that until "just recently" she was advised that title did not vest in her absolutely, and that title had been taken in the name of her husband instead of appellee.

An exhibit to the bill relative to the 40-acre tract is a deed, dated April 28, 1896, executed to Robert A. Cash, for the recited consideration of $140, payable $35 in cash, and four annual installments of $35 each.

As to the other parcel of land involved, a 19-acre tract, the bill avers that appellee and her deceased husband operated a store, and that with money she became entitled to as a result of its operation, she bought and paid for nineteen acres of land, which cost her the sum of $1,200, and the deed was taken in the name of her husband, R.

A. Cash, and that at no time did her husband claim it was his land, and that at no time did she have any knowledge of the fact that title did not vest in her absolutely until she was advised shortly before the filing of her bill of complaint. An exhibit to the bill relative to this 19-acre tract shows a deed taken in the name of R. A. Cash, dated the 9th day of January, 1924, for the recited consideration of $1,200, receipt of which was acknowledged by grantor.

The bill then avers as to both parcels of land that no one ever questioned the right of appellee to the lands, and that she for a period of more than twenty-five years has claimed it and exercised ownership over it, and has been paying the taxes thereon.

Appellants filed their demurrer containing numerous grounds, which, as to the 19-acre and 40-acre tracts of land, was overruled, and it is from that decree this appeal is prosecuted.

■■ It is an elementary rule of pleading that on demurrer the allegations of a bill are to be taken most strongly against the pleader. The language of the bill of complaint should, however, when tested by demurrer, be given a fair and reasonable interpretation and hypercriticism should not be indulged in. Zeigler v. Zeigler, 180 Ala. 246, 60 So. 810; Floyd v. Andress, 246 Ala. 301, 20 So.2d 331; Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157; Crim v. Holcombe, 254 Ala. 692, 49 So.2d 277; and, when a bill of complaint shows the facts of a case and those facts show a right of recovery, the bill is sufficient, although the language in which the facts are stated may be somewhat involved or somewhat obscure. Authorities, supra.

Construing the bill of complaint in this case, as we have above indicated, we think it reasonably appears that the appellee or her agent, in the years 1896 and 1924, bought the lands here involved and described in the bill of complaint with her own money, and that she paid for these lands with her own money before the deeds which are set forth as exhibits were executed and delivered. We also think that it reasonably appears from the allegations of the bill of complaint that at the time of said purchases, appellee was a married woman living with her husband as his wife, until his death in 1933. We are also of the opinion that it reasonably appears from the allegations that said deeds executed and delivered in 1896 and 1924, as above stated, were without design, but through some mistake, oversight or inadvertence, were so worded as to convey the entire legal title to the husband. It also reasonably appears from the allegations of the bill of complaint that the husband at no time after the execution and delivery of the deeds set up any claim whatever to said lands, but, on the contrary, always recognized the lands as the property of his wife. Undoubtedly, the bill of complaint might have, in its allegations, been more specific on this latter point, but we do not think that the averments of the bill of complaint can have any meaning whatever unless it is given the meaning which we have above given to it.

■ We think the trial judge correctly stated the law in his decree that:

"In such case as this with which we are dealing the statute for limitations and laches begins to run in favor of the holder of the legal title against the equitable owner at the time of the conveyance if there is no recognition of the right of the cestui que trust; but if the latter's rights are recognized the statute begins to run from the time that the holder of the legal title asserts an adverse right."

Haney v. Legg, 129 Ala. 619, 30 So. 34; Jacksonville Public Service Corporation v. Profile Cotton Mills, 236 Ala. 4, 180 So. 583.

■ Neither laches nor a violation of the statute of limitation appear on the face of the bill of complaint. There has not been, according to the allegations of the bill of complaint, an assertion of an adverse right to the rights of appellee, and the delay of appellee in filing her bill of complaint has resulted in no prejudice to

any party to the suit. Martin v. Kelly, 132 Ala. 201, 31 So. 476.

, We conclude that the decree of the trial court is due to be affirmed, and it is so ordered.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.