66 So.2d 452

### BARTON v. STATE.
### 6 Div. 508.

Supreme Court of Alabama.
June 30, 1953.

Wayne H. Weaver, Haleyville, for appellant.

Si Garrett, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

Appellant has appealed from a decree of the Circuit Court, in Equity, of Winston County, overruling his demurrer to the bill of complaint.

The State of Alabama under Chapter 32, sections 1109–1115, Title 7, Code 1940, filed a bill to quiet title to eighty acres of land in Winston County, alleging ownership of said lands. Paragraphs 3, 4 and 5 of the bill are as follows:

"3. That the above-named respondent, Mayo Barton, claims or is reputed to claim, some right, title or interest in, or encumbrance upon, said lands.

"4. And the above-named complainant, the State of Alabama, calls upon said respondent, Mayo Barton, to specify his title, claim, interest or encumbrance and how and by what instrument the same is derived and created.

"5. Your complainant would further show that there is no suit now pending to enforce or test the validity of such title, claim or encumbrance."

Complainant prays for a decree settling the title to the lands, clearing up all doubts or disputes concerning the same and for general relief.

Respondent assigned eleven grounds in his demurrer, but the grounds argued on

286

this appeal are summarized in this statement from appellant's brief:

"The first ground of demurrer is that 'there is no equity in the bill'. All other grounds of demurrer raise the point that the bill of complaint fails to allege that the State of Alabama is in possession of the property. Some of these grounds of demurrer raise the point that for aught that appears from the face of the bill, the respondent, Mayo Barton, is in actual possession of the property under claim of exclusive right, and that the bill fails to negative the actual possession of the land by the respondent, Mayo Barton."

To support his contention on demurrer appellant cites a statement from Grissom v. State, for use of Alabama College, 254 Ala. 218, 48 So.2d 197, 200:

"The title being in the State and no one in the actual possession of the land when the suit was brought, and no one scrambling to retain or secure possession, there is sufficient constructive possession in complainant to support the suit under section 1109, Title 7, Code."

It is evident that section 1109 was being considered there and not section 1115 as here. Section 1115 reads as follows:

"The state may maintain a suit under the provisions of this chapter, to quiet the title to any lands belonging to the state, or any school lands, or any lands belonging to any educational or charitable institution which is wholly or partially supported by the state, whether the state or owner of the legal title to such lands is in possession thereof or not."

We think this section clearly permits the State to file a bill to quiet title under the provisions of Chapter 32, Title 7, supra, without being required to allege who is in possession.

It follows that the decree of the circuit court, in equity, should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.