Charles and Sarah Scarbrough filed an ejectment action against Maureen Smith in an attempt to recover possession of a 100-by-105-foot parcel in Madison County, Alabama. Mrs. Smith admitted possession of the disputed parcel but claimed title to the property by adverse possession. She also claimed that there were errors in the deed through which the Scarbroughs claimed title to the parcel. She asked the trial court to reform the instrument. The trial court heard the ore tenus evidence and rendered a judgment in favor of Mrs. Smith on all the issues. The court denied a motion for reconsideration and the plaintiffs appealed. We affirm.
Homer and Lucy Sloan were predecessors in title to the plaintiffs and the defendant. Prior to the Scarbrough conveyance the Sloans owned a 12 1/2-acre tract from which four lots had previously been conveyed to persons not involved in this litigation. The Sloans executed a deed on December 16, 1962, purporting to convey the tract to the Scarbroughs except for a one-acre segment in the southeast corner which the grantors retained. See Appendix "A". The retained segment was apparently misdescribed in the deed. The description of the segment purportedly retained by the Sloans included a portion of a public highway, Green Mountain Road, and excluded a dwelling which the Sloans continued to occupy after the conveyance. See Appendix "B".
The Sloans continued to live in or rent out the house until October 7, 1971, when they executed a deed purporting to convey the house, along with the disputed property, to Donald and Nora Wilcox. See Appendix "C". The Wilcoxes mortgaged to the Bank of Huntsville the 1/2 acre described in their deed from the Sloans, and the Bank later foreclosed on the property. On October 7, 1973, the bank gave a deed to the defendant, Mrs. Smith, purporting to convey the 1/2 acre to her. Mrs. Smith continued to occupy the house until the time of trial.
No natural boundary existed between the house and the property in question. The parcel had trees growing on it. It was without underbrush and the ground was clearly visible. Its western boundary was marked by a row of forsythia bushes and an old fence. There was an old, unkept fence along a portion of the northern boundary. The fences were apparently in existence when the 1962 deed was executed.
Mrs. Smith introduced evidence of various uses to which she and her predecessors in title had put the property. The Sloans or their tenants planted a garden on a portion of the disputed parcel each year from 1962 through 1967. While the Wilcoxes owned the house they kept chickens and hogs on the property. Mrs. Smith raised chickens on the property "off and on" from 1974 until 1980. Her son used the property to play on and had a rope swing on it. The septic tank which served the house was also located in the disputed area.
Mr. Scarbrough did not directly contradict the evidence proffered by the defendant. He testified that he had never seen a *Page 555 
garden on the disputed tract. Nor had he ever observed hogs or chickens being kept there. He knew that the septic tank was on the parcel and he stated that he "had no objection" to it being there. Mr. Scarbrough could not recall whether he had ever been on the property in dispute prior to September 1981, although he testified that he had walked down Sloan Road and been "beside" the property many times.
There was a dispute in the evidence as to who had assessed the property for taxes. The confusion stemmed from ambiguous descriptions in some of the tax records. The chief clerk of the tax assessor's office concluded that, based on the official plat books kept by the tax assessor's office, Mrs. Smith and her predecessors in title had assessed the disputed property for taxes continuously since 1968.
The trial court found that the 1962 deed contained errors which were the result of a mutual mistake. It concluded that the parties intended for the Sloans to retain ownership of the disputed parcel and that the Sloans never intended to convey any property abutting Sloan Road to the plaintiffs. The court also ruled in favor of the defendant on her adverse possession claim. It found that the parties were coterminous owners of real property; that Mrs. Smith and her predecessors in title had been in actual, open, notorious, hostile, exclusive, and continuous possession of the disputed parcel for more than ten years prior to the action; and that the property had been assessed for ad valorem tax in the names of Mrs. Smith and her predecessors in title for over ten years prior to commencement of the action. It ruled that the defendant was entitled to relief on her counterclaim for adverse possession, § 6-5-200, Code of Alabama (1975), and that the plaintiffs' action was barred by the statute of limitations, Section 6-2-33 (2), Code of Alabama (1975).
On appeal, the plaintiffs conceded that the property which the Sloans sought to retain was misdescribed in the 1962 deed. They argued, however, that the trial court failed to reform the instrument in accordance with the parties' intentions at the time of the conveyance. The plaintiffs also argued that Mrs. Smith's evidence was insufficient to establish title to the disputed property by adverse possession.
Of course, any time a trial court has heard evidence presented ore tenus and resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust. Evidence in adverse possession cases is especially difficult to weigh from the vantage point of an appellate court. Witnesses often testify with reference to exhibits and make gestures not capable of preservation in the record. The following excerpt from the case at bar is typical:
 "A. I am not sure if I follow you. In other words, you are saying come 315 to this point, which if you were assuming that was the direction of it, in other words, that the right angle was in error in the deed, and you assumed you are coming 315 from here, I would assume that the whole tract was pulled back this direction.
"Q. All right.
 "A. As the same as the uniformity of these particular lands here.
"Q. It would follow more or less the fence row?
 "A. Right. The line would follow the fence row and, you know, there would be no overlap over into here. If that was the intent of the original deed.
"Q. Okay.
"A. And not of this nature. Right.
 "Q. Okay. And it would still exclude this area right here as being in with either one of these calls?
"A. Right.
"Q. And this is a new fence running through here?
"A. I believe that's correct. It's been a while. *Page 556 
 "Q. Did you find anything running along this line anywhere besides this fence?
"A. No, I don't believe so."
The presumption of correctness normally attending findings in an ore tenus case is, therefore, especially strong in adverse possession cases. Where the trial court makes findings of fact in order to establish a land line, the court's findings will be sustained if there is any credible evidence to support the findings. Pinson v. Veach, 388 So.2d 964, 968 (Ala. 1980).
We appreciate the diligence with which plaintiffs' counsel presented their case and we have found the maps illustrating the various descriptions to be most helpful. We deem it unnecessary, however, to discuss the question of whether the court reformed the deed in accordance with the parties' intentions, in light of the ample evidence supporting the ruling that Mrs. Smith acquired title to the disputed parcel by adverse possession.
If a coterminous landowner holds actual possession of a disputed strip under claim of right, openly and exclusively for a continuous period of 10 years, believing that he is holding to the true line, he will acquire title to that line, even though the belief as to the correct location of the line originated in a mistake. Hayes v. Cotter, 439 So.2d 102 (Ala. 1983).
There was also ample evidence to support the finding that Mrs. Smith and her predecessors in interest had assessed the property for taxes for over ten years prior to the commencement of the action. She would, therefore, be entitled to prevail even if the parties were not coterminous landowners. Section6-5-200 (a)(2), Code of Alabama, 1975.
The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 557 
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 558 
[EDITORS' NOTE: APPENDIX B IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 559 
[EDITORS' NOTE: APPENDIX C IS ELECTRONICALLY NON-TRANSFERRABLE.]