Defendant, Bobby Lee, appeals from the trial court's order determining the boundary in a dispute between adjoining landowners in Calhoun County.
All of the property at issue in this case was previously owned by John Martin. On November 7, 1969, Martin conveyed a tract of land in the southwest corner of his property to his grandson Donald Martin and Donald's wife Alice, that tract being described in the deed as follows:
 "That certain tract of land situated, lying, and being in the W 1/2, Section 23, Township 13, Range 6. Beginning on the West section line of Section Twenty-Three, Township 13, Range 6, at the point where the Harrell Gap black top road intersects with said section line, thence proceeding in an easterly direction along the road a distance of 500 feet, more or less, to a point, thence in a northerly direction a distance of 566 feet, more or less, to a point, thence in a westerly direction a distance of 500 feet, more or less, to the section line, said line being parallel to aforesaid black top road, thence in a southerly direction along said section line a distance of 566 feet, more or less, to the point of beginning. Said tract lying and being situated in Calhoun County, Alabama. Said tract containing six acres, more or less."
No survey was made at the time of that sale; John Martin, Donald Martin, and a third person staked the boundaries, using a hundred-foot tape measure and a compass. John Martin testified at trial that they began in the northeast corner of the tract *Page 295 
being sold and placed an iron stake near a telephone pole. They proceeded west to a blazed hickory tree, south to the road running east and west across the property, east to another iron stake, and then north to the point of beginning.
On October 27, 1971, John Martin sold the remaining portion of his land to defendant Bobby Lee. The deed conveyed to Lee the entire tract previously owned by John Martin, excepting the portion already conveyed to Donald Martin, which was described in Lee's deed by language identical to that quoted above. At the time of the sale, John Martin showed defendant Lee the four corners of the tract previously conveyed to Donald and his wife.
In 1973, Donald and Alice Martin conveyed the smaller tract to Rickey and Martha Howard. The Howards conveyed the property to Charles and Gay Nell Spurgeon. Pursuant to a divorce settlement, Charles Spurgeon conveyed his interest in the property to his ex-wife. Upon Mrs. Spurgeon's remarriage, she and her husband, John Farner, conveyed the property to themselves and later to the plaintiffs, Kenneth and Ruth Brown.
Donald Martin testified that he showed the four corners of the smaller tract to Rickey Howard at the time the Howards purchased the land. Similarly, Charles Spurgeon testified that he was shown the corners before he and his wife purchased the property. Both plaintiffs testified, however, that they were not shown the boundaries because the Farners did not know where they were.
The present dispute arose after a survey `revealed a discrepancy between the description of plaintiffs' property in their deed and the boundaries as shown to defendant by John Martin. Specifically, the survey showed that plaintiffs hold record title to more land on the northern and eastern sides of their tract than defendant had contemplated. (See the diagram attached as an appendix to this opinion.)
Plaintiffs filed suit alleging that defendant had willfully trespassed on their property and damaged it by cutting timber. Defendant's counterclaim requested that the court determine the true boundary and reform the deeds by which the parties claim title to their respective properties, on the ground of mutual mistake in the descriptions in the deeds.
The trial court separated for trial the issues raised in the counterclaim from the trespass claim and, after hearing testimony presented ore tenus, found that defendant Lee had adversely possessed that portion of plaintiffs' property southeast of the north-south road, and awarded this portion to defendant. This section had been fenced in and cultivated by defendant each year since 1971. However, with respect to the other portions claimed by defendant, the trial court found insufficient evidence that defendant had adversely possessed any other part of plaintiffs' property not under fence. Furthermore, the court denied defendant's request for reformation of the deeds on the ground that plaintiffs were bona fide purchasers. The trial court's order was made final pursuant to Rule 54 (b), A.R.Civ.P. Defendant's motion for new trial was denied.
The first issue is whether the trial court erred in determining that defendant had not acquired title to the disputed property on plaintiffs' northern boundary and the disputed property on plaintiffs' eastern boundary west of the road. A coterminous landowner may acquire title by adverse possession if he proves that he had open, notorious, hostile, continuous, and exclusive possession of the property for ten years. Tidwell v. Strickler, 457 So.2d 365, 368 (Ala. 1984). He need not show color of title or any of the other requirements of Code of 1975, § 6-5-200. Id. However, the burden of proof rests upon the party asserting adverse possession, and every presumption is in favor of the holder of legal title. Robertsv. Mitchell, 437 So.2d 512, 514 (Ala. 1983).
Defendant presented evidence that he cut hay on plaintiffs' eastern property and that in plaintiffs' northern property he had cleared a section with a bulldozer, cut hay, *Page 296 
and planted some fruit trees. However, the trial court, takingore tenus testimony, found that there was insufficient evidence that the defendant adversely possessed "any particular portion" of the disputed section.
When a trial court hears ore tenus evidence, its findings of fact will not be disturbed on appeal unless they are clearly erroneous or manifestly unjust. Scarbrough v. Smith,445 So.2d 553, 555 (Ala. 1984). In Scarbrough, this Court stated:
 "Evidence in adverse possession cases is especially difficult to weigh from the vantage point of an appellate court. Witnesses often testify with reference to exhibits and make gestures not capable of preservation in the record. . . . The presumption of correctness normally attending findings in an ore tenus case is, therefore, especially strong in adverse possession cases. Where the trial court makes findings of fact in order to establish a land line, the court's findings will be sustained if there is any credible evidence to support the findings. . . ." 445 So.2d at 555-56.
The wisdom of this rule is evident from the following excerpts from the defendant's trial testimony:
 "Q. After you purchased the property and went into possession of it, what did you do, if anything, in reference to property lying west of the road?
 "A. I cut hay off what I had cleared until last year.
 "Q. Now, when you say you cut hay, would you point out to the Court where you cut hay?
 "A. I cut hay from right here at this driveway on under here and on in this area (indicating).
". . .
 "Q. Now, Mr. Lee, what else did you do in reference to any improvements for this space here (indicating) and this space where it says `hay field?'
"A. I had it cleared and the banks sloped.
". . .
 "Q. All right. Now, they cleared all of where it says `hay field' here; is that correct?
"A. Yes, sir.
 "Q. Did you clear all of this property lying in the northern part of the section —
"A. About a third of where you had your finger.
 "Q. Now, the east portion of this property on the north side here — incidentally, this is the property that's in dispute, is it not (indicating)?
"A. Yes, sir.
 "Q. Would you say half of it was cleared, or what part of it would you say of this northern part which is in dispute?
 "A. The clearing runs on up about in here and it comes back like that (indicating).
 "Q. All right. What else have you done in this particular area in reference to cultivation?
 "A. I've got an orchard right in here (indicating)."
On the basis of this record, we cannot disturb the trial court's finding that defendant did not meet his heavy burden of proving that he had actual possession of any particular portion
of the disputed areas which were not fenced and cultivated by defendant. Although an adjoining landowner need not have color of title, possession of part of the adjoining land without color of title does not constitute constructive possession of the whole tract; the parts possessed must be specifically shown. Grissom v. State, 254 Ala. 218, 222, 48 So.2d 197, 200
(1950).
The second issue raised by defendant is that the trial court erred in denying his request for reformation of the deeds by which he and plaintiffs claim title to their respective lands. It is evident from the testimony of John and Donald Martin that there was a mutual mistake in the description of plaintiffs' property at the time that tract was separated from the larger parcel. The question, however, is whether this mistake will cut off the right of plaintiffs, who were not parties to the original transaction. *Page 297 
Section 35-4-153 of Code of 1975 provides:
 "When, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value." (Emphasis added.)
Reformation will not be granted to prejudice the rights of a bona fide purchaser, that is, a purchaser of the legal title in good faith for value without notice, either actual, constructive, or inquiry, of the grounds for reformation.Touchstone v. Peterson, 443 So.2d 1219, 1122-23 (Ala. 1983).
Plaintiffs' testimony is undisputed that they were not shown the boundaries of their property at the time of purchase nor did they know of any inconsistency between the description of the property in the deed and the four corners as shown to defendant by John Martin. Furthermore, there is no evidence that at the time of purchase plaintiffs knew of facts sufficient to put them on inquiry as to defendant's claim. Therefore, the trial court correctly denied the remedy of reformation of the deeds.
Finally, defendant argues that the trial court erred in denying his motion for new trial. His arguments in support of this alleged error are reiterations of his arguments as to the prior two issues. We find no error.
Let the judgment of the trial court be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and HOUSTON, JJ., concur.
 APPENDIX
In the following diagram, the solid lines represent the boundaries of plaintiffs' property as claimed by the defendant. The broken lines represent the boundaries according to the survey based upon the description in the deeds. *Page 298 
[EDITORS' NOTE: DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.]
[EDITORS' NOTE: PAGES 299-302 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.]
[EDITORS' NOTE: PAGES 303-310 CONTAINED DECISIONS WITHOUT OPINIONS.] *Page 1158