RICHARD L. HOLMES, Retired Appellate Judge.
This is a boundary line dispute case.
The trial court, after an ore tenus hearing, determined where the boundary line existed. The decision of the trial court was based upon testimony regarding the location of a fence, which the trial court determined set the boundary line by virtue of adverse possession.
At the outset, we note that no useful purpose would be served by detailing the facts of this case. Suffice it to say that Deon Miller sued Richard A. Halligan and Dorothy M. Halligan, husband and wife, to determine the boundary between Miller and the Halligans. The Halligans counterclaimed, seeking the same determination.
The trial court found in favor of the Halli-gans, and Miller appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
In Lilly v. Palmer, 495 So.2d 522 (Ala.1986), the Supreme Court of Alabama set out in detail the dispositive principles of law in a case of this nature. In that case, we find the following applicable and dispositive principles of law:
“Indeed, it has long been the law in this state that ‘anytime a trial court has heard evidence presented ore tenus and resolves conflicting questions of fact in favor of one of the parties, its findings will not be disturbed on appeal unless they were clearly erroneous or manifestly unjust.’ Scarbrough v. Smith, 445 So.2d 553, 555 (Ala.1984) (adverse possession ease).
“... the ore tenus presumption of correctness as to the trial court’s findings of fact is ‘especially strong in adverse possession eases.’ Scarbrough, supra, at 556.
[[Image here]]
“The determinative question in an adverse possession case between coterminous landowners is whether the claimant has shown, by clear and convincing evidence, Tidwell [v. Strickler, 457 So.2d 365 (Ala.1984) ] at 368, ‘actual, hostile, open, notorious, exclusive, and continuous’ possession for 10 years. Grooms v. Mitchell, 426 So.2d 820, 822 (Ala.1983).”
Lilly, 495 So.2d at 525-27.
Viewing the record with the attendant presumptions accorded the trial court’s actions, we note that it is clear to this court that there is ample evidence to support the trial court’s decision in ruling in favor of the Halligans.
This court would be remiss in not commenting that had we been the trier of fact, we would have decided the case precisely as the learned and distinguished trial judge.
*134 The Halligans have filed with this court a Rule 38, A.R.A.P. motion. This rule is often referred to as the “frivolous appeal” rule. We have carefully considered the motion and decline to impose sanctions against Miller.
This case is due to be, and is, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.